IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

00 JUL 20 PM 3: 37

GLORIA J. GAGNON,

      Plaintiff,

v.

                         NO. CIV-99-653 DJS/WWD ACE

RESOURCE TECHNOLOGY, INC.,
a domestic corporation,

      Defendant.

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff Gloria J. Gagnon, by and through her counsel of record, and presents the following proposed findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    Plaintiff successfully completed the probationary period set forth in the employee manual and thereafter reasonably relied upon the progressive discipline and for-cause termination provisions of the employee manual.

2.    From March 1996 until January 1998, the Defendant employed the Plaintiff on a forty (40) hour weekly basis at a rate of $17.55 per hour. From January 1998 through March 1999, when employment was terminated, Defendant employed Plaintiff on a forty (40) hour weekly basis at a rate of $18.27 per hour.

3.    Since at least March 1996 through March 1999, the Plaintiff performed work in excess of forty (40) hours per week for which no overtime compensation was paid to her by the Defendant.

4.    Despite the Plaintiff's repeated requests to Defendant corporation's President and co-

owner, Elvidio V. Diniz, P.E., that she and others be paid at a rate not less than one and one-half times her regular rate of compensation for hours worked in excess of forty (40) per week pursuant to the FLSA, Defendant refused and continues to refuse to compensate her.

a.  Mr. Diniz would instruct not only Plaintiff but other employees as well to change their time sheets to show only forty (40) hours worked per week so as to appear to comply with the FLSA.

b.  At staff meetings, Plaintiff repeatedly would bring up the fact that Defendant was not in compliance with wage and hour law, and it should follow the law.

c.  Approximately two weeks before her termination, Plaintiff again instructed Mr. Diniz that he could not compel employees to change their time sheets.

5.  Plaintiff's termination was without cause under the employee manual published by Defendant and was not preceded by progressive discipline as called for in the employee manual.

6.  As a result of Defendant's refusal to comply with the Department of Labor's determination, Plaintiff had to retain an attorney and file this civil lawsuit against Defendant. Thus, Plaintiff has incurred legal costs and attorney fees as a result of Defendant's unlawful employment practices.

7.  Plaintiff possessed no supervisory authority over any of Defendant's staff.

8.  Plaintiff had no authority to hire or fire any of Defendant's staff.

9.  Plaintiff's primary duty was not the management of Defendant.

10. Plaintiff performed routine clerical duties for Defendant.

11.   Pursuant to the RTI employee manual and Mr. Elvidio Diniz, Plaintiff had permission to conduct non-RTI business on RTI premises during the workday.

## CONCLUSIONS OF LAW

1.   Because during the time of her employment Plaintiff worked more than forty (40) hours per week and Defendant failed to pay Plaintiff one and one-half times her regular rate of compensation for her overtime hours, the Defendant has violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1).

2.   Defendant bears the burden of demonstrating its right to an exemption under the FLSA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Spradling v. City of Tulsa*, 95 F.3d 1492, 1499 (10th Cir. 1996).

3.   Exemptions are narrowly construed against the employer. *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290 (1959).

4.   The administrative regulations adopted pursuant to the FLSA are entitled to great weight and the court may properly resort to them for guidance. *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1151 n.7 (10th Cir. 1992); *Mitchell v. Greinetz*, 235 F.2d 621, 625 (10th Cir. 1956).

5.   Although Plaintiff possessed the job title of Office Manager while employed by Defendant, a title alone is of little or no assistance in determining the Plaintiff's exempt or nonexempt status under the FLSA. 29 C.F.R. § 541.201(b)(1).

6.   Defendant did not employ Plaintiff in a bona fide administrative capacity pursuant to 29 U.S.C. § 213(a)(1).

3

a.   Plaintiff's primary duty did not consist of the performance of office or non-manual work directly related to Defendant's management policies or general business operations. 29 C.F.R. § 541.2(a)(1), (e)(2).

   (1)   The administrative exemption is limited to persons who perform work of substantial importance to the management or operation of the business of her employer or her employer's customers. 29 C.F.R. § 541.205(a).

   (2)   Bookkeepers and secretaries are not performing work directly related to management policies or general business operations. 29 C.F.R. § 541.205(c)(1).

   (3)   Performance of routine clerical duties is not work of substantial importance to the management or operation of the business even though it may require the exercise of some measure of discretion and judgment as to the manner in which the clerical tasks are performed. 29 C.F.R. § 541.205(c)(2).

   (4)   Tabulating data is nonexempt work. 29 C.F.R. § 541.205(c)(3).

   (5)   General office or bookkeeping work, preparing confidential or regular payrolls, and sending out monthly statements of account are nonexempt work. 29 C.F.R. §§ 541.208(c), 541.208(f).

   (6)   In the ordinary case it may be taken as a good rule of thumb that "primary duty" means the major part, or over fifty (50) percent, of the employee's time, and Plaintiff spent over fifty (50) percent of her time performing nonexempt work. 29 C.F.R. §§ 541.103, 541.206.

   (7)   Besides the amount of time spent performing managerial duties, other

4

pertinent factors in evaluating whether Plaintiff's primary duty was management include (1) the relative importance of the managerial duties as compared with other types of duties; (2) the frequency with which Plaintiff exercises discretionary powers; (3) Plaintiff's relative freedom from supervision; and (4) the relationship between Plaintiff's salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor. 29 C.F.R. §§ 541.103, 541.206.

b.    Plaintiff's work for the Defendant did not require the exercise of discretion and independent judgment. 29 C.F.R. § 541.2(e)(2).

(1)    In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. It implies that Plaintiff had the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance. 29 C.F.R. § 541.207(a).

(2)    An employee who merely applies her knowledge in following prescribed procedures is not exercising discretion and independent judgment. 29 C.F.R. § 541.207(c)(1).

(3)    Comparison shopping performed by an employee who merely reports that information does not involve the exercise of discretion and independent judgment. 29 C.F.R. § 541.207(c)(6).

(4)    Discretion and independent judgment must be exercised in decisions that

5

are real and substantial, that is, they must be exercised with respect to matters of consequence. 29 C.F.R. § 541.207(d)(1).

(5)     Discretion and independent judgment apply to the kind of decisions normally made by persons who formulate or participate in the formulation of policy within their spheres of responsibility or who exercise authority within a wide range to commit their employer in substantial respects financially or otherwise. 29 C.F.R. § 541.207(d)(2).

7.     A willful violation of the FLSA is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

a.     Because the Plaintiff had informed the Defendant that it was in violation of the wage and hour laws and that it was required to pay her and its other employees compensation, the Defendant instructed Plaintiff and its other employees to change their time sheets, and the DOL had informed the Defendant that it was in violation of the FLSA, the Defendant's unlawful employment actions in this regard were a willful violation of the FLSA and Portal to Portal Act, 29 U.S.C. § 255(a).

8.     By protesting Defendant's violations of the FLSA, Plaintiff engaged in protected activity under the FLSA, and Defendant terminated Plaintiff's employment after she engaged in the protected conduct. *Love v. Re/Max of America Inc.*, 738 F.2d 383 (10th Cir. 1984).

a.     Defendant terminated Plaintiff's employment because she had protested its violations of the FLSA. Thus, Defendant's termination of Plaintiff's employment was in retaliation for her asserting her rights under the FLSA in violation of 29

U.S.C. § 215(a)(3).

9.      Because during the time of her employment Plaintiff worked more than forty (40) hours

per week and Defendant failed to pay Plaintiff one and one-half times her regular rate of

compensation for her overtime hours, the Defendant has violated the New Mexico

Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(c).

10.     New Mexico recognizes an exception to at-will employment for wrongful discharge in

violation of public policy. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 827 P.2d

776, 779 (1994)

    a.      Defendant terminated Plaintiff because she performed an act that New Mexico

    public policy would encourage, namely, making one's employer aware of its actual

    or potential violations of wage and hour laws. *Chavez v. Manville Products Corp.*,

    108 N.M. 643, 647, 777 P.2d 371, 375 (1989).

    b.      Defendant's retaliation against Plaintiff in the form of terminating her employment

    violates clear mandates of public policy as embodied in the FLSA and New Mexico

    Minimum Wage Act, namely, that one should have the right to inform her

    employer of its actual or potential violations without fear of losing her job because

    of it. *Chavez v. Manville Products Corp.*, 108 N.M. 643, 647, 777 P.2d 371, 375

    (1989).

11.     New Mexico recognizes an exception to at-will employment for an implied contract based

on provisions in an employee manual. *Newberry v. Allied Stores Inc.*, 108 N.M. 424, 426,

773 P.2d 1231, 1233 (1989).

    a.      Defendant maintained an employee manual that constituted an employment

contract between Defendant and Plaintiff because it controlled their relationship and Plaintiff reasonably expected Defendant to follow it. *Newberry v. Allied Stores Inc.*, 108 N.M. 424, 427, 773 P.2d 1231, 1234 (1989)

b.    Pursuant to Defendant's employee manual, Plaintiff reasonably expected to be terminated only for cause and only after Defendant has engaged in progressive discipline, including oral reprimands and written reprimands before termination.

c.    Because Defendant lacked cause in terminating Plaintiff and did not engage in progressive discipline, it breached its own employee manual, and thus an implied employment contract between Plaintiff and Defendant.

12.    Plaintiff has proved that she is entitled to unpaid overtime compensation and an additional equal amount as liquidated damages in the amount of $_____, based on Defendant's violations of federal and state wage and hour law. FLSA, 29 U.S.C. § 216(b): New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-26(b).

13.    Plaintiff has proved that she is entitled to lost wages and an additional equal amount as liquidated damages in the amount of $_____, based on Defendant's violation of the FLSA anti-retaliation provisions. 29 U.S.C. § 216(b).

14.    Plaintiff has proved that she is entitled to full back pay and benefits based upon Defendant's breach of the employment contract between the parties in the amount of $____ _____. *McGinnis v. Honeywell*, 110 N.M. 1, 791 P.2d 452 (1990).

15.    Plaintiff has proved that she is entitled to injunctive relief reinstating Plaintiff's employment with the Defendant. In lieu of reinstatement, Plaintiff is entitled to $_____ to compensate Plaintiff prospectively for the loss of her employment. 29 U.S.C. § 216(b);

8

*McGinnis v. Honeywell*, 110 N.M. 1, 791 P.2d 452 (1990).

16.    Plaintiff is entitled to compensatory damages for Plaintiff's mental anguish, pain and

       suffering and other non-pecuniary losses in the amount of $_____.

17.    Defendant's breach of employment contract was deliberate, willful and in bad faith,

       entitling Plaintiff to an award of punitive damages in the amount of $_____ to

       deter Defendant and others similarly situated from unlawful actions in the future.

       *McGinnis v. Honeywell*, 110 N.M. 1, 6, 791 P.2d 452, 457 (1990); *Vigil v. Arzola*, 102

       N.M. 682, 699 P.2d 613 (Ct. App. 1983, *rev'd on other grounds*, 101 N.M. 687, 687

       P.2d 1038 (1984).

18.    Plaintiff is entitled to attorney fees and costs incurred in the prosecution of this action in

       the amount of $_____. 29 U.S.C. § 216(b); NMSA 1978, § 50-4-26(B)(2).

19.    Plaintiff is entitled to such other relief as may in the eyes of the Court be just and

       equitable.

                                                      LAW OFFICES OF K. LEE PEIFER


                                                      Justin Lesky
                                                      108 Wellesley, S.E.
                                                      Albuquerque, NM 87106
                                                      (505) 266-4335

                                                      Counsel for the Plaintiff

I hereby certify that the foregoing pleading was
faxed and mailed this 20th day of July 2000 to:

Deborah D. Wells, Esq.

Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE #3-210
Albuquerque, NM 87110
884-7123 (facsimile)