# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GLORIA J. GAGNON,

    Plaintiff,

v.                            NO. CIV-99-653 DJS/WWD ACE

RESOURCE TECHNOLOGY, INC.,
a domestic corporation,

    Defendant.

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### DEFENDANT'S FINDINGS OF FACT:

1.    Plaintiff was never an hourly employee of Defendant, but rather an exempt employee.

2.    Plaintiff was terminated for valid business reasons related to her poor job performance.

3.    Plaintiff's work allegedly in excess of forty (40) hours per week was done because of her failure to adequately complete work assigned to her during the regular work week.

4.    Plaintiff's duties at the Defendant's business were of a managerial nature, including authority to hire and fire staff.

5.    Plaintiff was a member of the senior staff.

6.    As a member of the senior staff, Plaintiff attended senior staff meetings.

7.    All members of RTI senior staff were exempt employees.

8.    Plaintiff had the authority to exercise independent judgment in connection with employment verification references given by RTI.

9.    Plaintiff had the authority to hire, evaluate and discipline administrative staff.



10. Plaintiff had the authority to contractually bind RTI with respect to outside vendors.

11. Plaintiff had the authority to contractually bind RTI with respect to management of the physical offices of RTI.

12. Plaintiff had the authority to contractually bind RTI with respect to its medical insurance coverage.

13. Plaintiff's responsibilities included acting as human resource director for RTI.

14. Plaintiff had the authority to select RTI's accountant.

15. Plaintiff's responsibilities included acting as liaison between the President and the other employees as to communicating personnel policies.

15. No one was never instructed by Mr. Diniz to alter timesheets in violation of the FLSA.

16. Plaintiff was terminated for cause based on her non-performance of her job duties, conflicts with management policies, and failure to support management policies.

17. Plaintiff was not terminated in retaliation for requesting overtime pay.

18. Plaintiff's termination was for cause.

19. During her employment with the Defendant, Plaintiff received warnings related to her job performance and attitude.

## DEFENDANT'S CONCLUSIONS OF LAW:

1. Plaintiff was an exempt administrative employee whose duties included primarily performance of office or non-manual work directly related to management policies and included work requiring the exercise of discretion and independent judgment.

2. Defendant did not willfully, or otherwise, violate the Fair Labor Standards Act.

3. Plaintiff was terminated for cause.

4. Plaintiff's termination complied with any implied contract for progressive discipline as outlined in the personnel manual.

5. Plaintiff's termination did not constitute a breach of contract.

6. Defendant did not violate the anti-retaliation provision of the Fair Labor Standards Act.

7. Defendant did not violate the New Mexico Minimum Wage Act..

                                        Respectfully Submitted,

                                        KENNEDY, MOULTON & WELLS, P.C.

                                        Deborah D. Wells
                                        Attorneys for Resource Technology, Inc.
                                        2201 San Pedro, NE, Bldg. 3, Suite 210
                                        Albuquerque, New Mexico 87110
                                        (505) 884-7887

I HEREBY CERTIFY that the original of the foregoing pleading was faxed to:

K. Lee Peifer, Esq.
Justin Lesky, Esq.
108 Wellesley Drive S.E.
Albuquerque, NM 87106
(505) 266-4335

on this 20th day of July, 2000.

Deborah D. Wells